IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| RUBY SUE BROWDER, )<br>                                 )<br>       Plaintiff,     )<br>                                 )<br>vs.                           )<br>                               )<br>THE CBE GROUP, INC.;     )<br>LITIGATION CENTER;       )<br>KEVIN D. AHRENHOLZ; and  )<br>AETNA INCORPORATED,      )<br>                               )<br>       Defendants.   )  | No. 4:08-cv-225-JEG-RAW<br><br>REPORT AND RECOMMENDATION<br>ON DEFENDANTS' MOTIONS<br>TO DISMISS |

The above motions [14] and [25] have been referred to the undersigned for report and recommendation. Among the grounds urged by Aetna are *res judicata* and exhaustion of administrative remedies. Because resolution of these issues requires the consideration of matters outside the pleadings, the Court, on May 14, 2009, notified the parties pursuant to Fed. R. Civ. P. 12(d) the motion in these particulars would be treated as for summary judgment under Fed. R. Civ. P. 56.[1] The parties were given an opportunity to supplement the motion papers and record. The time to do so has passed. Plaintiff has filed resistances to both motions. In them she includes requests to stay the case, for appointment of

---

[1] The May 14, 2009 Order referred to both motions to dismiss, however, only Aetna's requires consideration of matters outside the pleadings which could be considered only as permitted by Fed. R. Civ. P. 12(d). CBE and Ahrenholz have alleged the Court lacks subject matter jurisdiction. To the extent CBE and Ahrenholz make a factual challenge to jurisdiction, the Court may look outside the pleadings to determine if jurisdiction exists, here chiefly by consideration of the affidavit of Mr. Ahrenholz. *See Dolls, Inc. v. City of Coralville, Iowa*, 425 F. Supp. 2d 958, 970 (S.D. Iowa 2006).

new counsel, and in the case of Aetna's motion to dismiss, to strike that motion and to amend the complaint. The undersigned has addressed these requests in a separate order. This report and recommendation concerns only the merits of the motions to dismiss.

All defendants contend that the Complaint should be dismissed for insufficient service of process and for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(5), (6). In addition, defendants CBE and Ahrenholz contend the complaint against them should be dismissed for lack of subject matter jurisdiction or, alternatively, the Court should decline to exercise supplemental jurisdiction. Fed. R. Civ. P. 12(b)(1), 28 U.S.C. § 1367(a), (c). As noted, Aetna contends the Complaint against it should be dismissed on the grounds of *res judicata* and failure to exhaust administrative remedies.

With respect to defendants CBE and Ahrenholz, the Court has determined that the Rule 12(b)(6) motion pertaining to any ERISA or other federal claim against CBE and Ahrenholz should be granted, and the Complaint against CBE and Ahrenholz with respect to the remaining state law claims should be dismissed without prejudice for lack of subject matter jurisdiction or, if the Court could exercise subject matter jurisdiction, it should decline to do so. With respect to defendant Aetna, the Court has determined the Rule 12(b)(6) motion pertaining to any federal constitutional claim against Aetna should be granted and that Aetna is entitled to

summary judgment on its *res judicata* defense. In light of these determinations, it is not necessary or desirable to consider the other alleged pleading and service deficiencies argued by defendants, or to address Aetna's exhaustion issue.[2]

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The following brief summary is from, directly or inferentially, plaintiff's *pro se* Complaint and defendants' motion papers. Ms. Browder incurred medical expenses for treatment at a Des Moines hospital in 2001 and 2002. (*See* Complaint at 1; Def. Aetna Ex. B). Through her employer Ms. Browder was, from September 1, 2000 to July 31, 2002, an insured under a group health insurance plan underwritten by Aetna. (Aetna Supp. Brief, Kuntz Aff.). Ms. Browder alleges the medical expenses were covered by the plan but Aetna did not pay them. (Complaint at 2). When the hospital was not paid, a collection agency, CBE, sued Ms. Browder twice in the small claims division of the Iowa District Court in and for Polk County ("small claims court"). (*See* CBE/Ahrenholz Motion to Dismiss,

---

[2] The Court will make a brief observation with respect to defendants' motions based on the 120-day rule for service of process in Fed. R. Civ. P. 4(m). The Court would be hard-pressed not to find good cause or excusable neglect for the failure to accomplish service within the time specified. On July 17, 2008 the Court granted Ms. Browder's request for appointment of counsel to assist her in serving summons and complaint. The Clerk was not able to locate an attorney willing to take the assignment until the appearance of attorney Gail Barnett on February 3, 2009. Thereafter, process was promptly served. The delay did not result from any tardiness or inattention on Ms. Browder's part.

Ahrenholz Aff.)[3] CBE was represented by attorney Kevin Ahrenholz. As the Court understands Ms. Browder's Complaint, CBE obtained a judgment and recovered $1,765 from her. Ms. Browder alleges Mr. Ahrenholz and CBE used falsified documents to obtain the small claims court judgment. (*See* Complaint at 2; Pl. Resist. [20] at 1).

On December 26, 2007 Ms. Browder sued Aetna in small claims court, alleging "negligence, harassment, fraud, lost [sic] of wages, intentional infliction of emotional distress, punitive damages, discrimination." (Def. Aetna Ex. A at 1). Notwithstanding these wide-ranging allegations, what she sought was a money judgment for the medical bills she claimed Aetna should have paid. (*Id.* at 2; Def. Aetna Ex. B at 1-2). On February 8, 2008, Ms. Browder's small claim was tried before state Magistrate Heather Dickinson. Ms. Browder did not produce a witness or an insurance policy/plan to establish her claim. (Def. Aetna Ex. B at 1). The court entered judgment of dismissal because Ms. Browder had "failed to meet legal burden." (Def. Aetna Ex. A at 3). Ms. Browder appealed. In a Ruling and Order entered May 5, 2008, District Associate Judge Gregory Brandt affirmed the original ruling and dismissed Ms. Browder's claim against Aetna "for lack of evidence." (Def. Aetna Ex. B at 1).

---

[3] Apparently the small claims against Ms. Browder were brought sometime in 2007. (*See* Complaint at 1).

On June 12, 2008 Ms. Browder filed her Complaint in this Court seeking damages in the amount of $3 million on various federal and state law grounds. (*See* n.5 *infra*).

**II.**

**DISCUSSION**

A. <u>CBE and Ahrenholz</u>

1. Rule 12(b)(6) - ERISA[4] and Federal Constitutional Claims

In her *pro se* Complaint Ms. Browder does not differentiate between the defendants in stating the basis for her claims. She asserts violations of unspecified rights under the federal constitution and ERISA against all, as well as a number of state law claims.[5]

---

[4] The Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.*

[5] The Complaint states:

> [T]he defendants [were] in violation of the constitution of the united states or the constitution or laws of this state intentional infliction of emotional distress, DISCRIMINATION HARASSMENT, LOST OF WAGES, PUNITIVE DAMAGES, DELIBERATELY FAILING TO PAY MEDICAL BILLS AND BREECH OF CONTRACT AND PAST AND FUTURE MENTAL ANGUISH, AND ERISA-BASED EMPLOYEE WELFARE BENEFIT PLAN. SEE 29 u.s.c. section 1132 which states that a civil action may be brought by a participant to recover benefits due to her under the terms of the plan . . . .

(Complaint at 2).

To the extent Ms. Browder means to assert an ERISA benefits claim against CBE and Mr. Ahrenholz, it is clear the Complaint fails to state a claim. Under ERISA a plan participant may bring a civil action "to recover benefits due to him under the terms of his plan . . . ." 29 U.S.C. § 1132(a)(1)(B). "The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." *Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir. 1998)(quoting *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1998)); *see Anderson v. Nationwide Mut. Ins. Co.*, 592 F. Supp. 2d 1113, 1132 (S.D. Ia. 2009). There is no allegation that CBE or Mr. Ahrenholz had any control over the administration of the plan insured by Aetna. Indeed, as a debt collection service and its attorney it is apparent they did not.

No other federal claim is expressly pleaded. The Complaint contains the conclusory allegation that defendants violated Ms. Browder's rights under the federal constitution. Though entitled to liberal construction as a *pro se* pleading, the Complaint contains no facts which arguably would make out a federal constitutional claim against CBE or Mr. Ahrenholz. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)("[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Benton v.*

*Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008)("The complaint must allege facts which, when taken as true, raise more than a speculative right to relief.").

    2.   Supplemental Jurisdiction

The Complaint thus fails to state a federal claim against CBE or Mr. Ahrenholz over which the Court would have federal question jurisdiction. 28 U.S.C. § 1331. Facially and factually there is also no diversity of citizenship jurisdiction between Ms. Browder and defendants CBE and Ahrenholz. In response to the directions in the complaint form used by Ms. Browder, she indicated her "home state" was Iowa and the "home state[]" of CBE and Mr. Ahrenholz was Iowa. (Complaint at 4). Ms. Browder resides in Des Moines, Iowa. (Complaint at 3). CBE is an Iowa corporation with its principal place of business in Iowa. Mr. Ahrenholz is a citizen of Iowa. (CBE/Ahrenholz Motion to Dismiss, Ahrenholz Aff.).

There is therefore no independent basis for this Court to exercise original jurisdiction over Ms. Browder's remaining state law claims against CBE and Mr. Ahrenholz. The Court has jurisdiction over these claims only if it can exercise supplemental jurisdiction under 28 U.S.C. § 1367(a). The statute provides in relevant part:

> (a) . . . [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part

>  of the same case or controversy under Article III of the United States Constitution.

The only claim arguably pleaded in the Complaint of which this Court would have original jurisdiction is an ERISA claim against Aetna for benefits under the group health insurance plan. 29 U.S.C. § 1132(a)(1)(B), (e)(1). In order for the Court to be able to exercise supplemental jurisdiction over the claims against CBE and Mr. Ahrenholz, those claims must form a part of the same case or controversy as the benefits claim against Aetna. "Claims within the action are part of the same case or controversy if they 'derive from a common nucleus of operative fact.'" *Myers v. Richland County*, 429 F.3d 740, 746 (8th Cir. 2005)(quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1996)). Claims derive from a common nucleus of operative fact if the "claims are such that [plaintiff] ordinarily would be expected to try them all in one judicial proceeding." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007).

The allegation against CBE and Mr. Ahrenholz is essentially fraudulent procurement of a judgment in an action for unpaid medical bills. The action against Aetna is to recover benefits due under a group health insurance plan. Beyond the fact Ms. Browder had unpaid medical expenses, there is no factual commonality between the claims. A plaintiff would not ordinarily be expected to try them in a single judicial proceeding. The Court does not have supplemental jurisdiction.

Even if the Court were to have supplemental jurisdiction, it should not be exercised. With the dismissal of the federal claims against CBE and Mr. Ahrenholz, and, as recommended below, the claims against Aetna, all claims over which the Court has original jurisdiction will have been dismissed. The Court may decline to exercise supplemental jurisdiction over the remaining claims. *See Johnson v. City of Shorewood, MN*, 360 F.3d 810, 819 (8th Cir. 2004)("A federal district court has the discretionary power to decline jurisdiction where it has 'dismissed all claims over which it has original jurisdiction,'" quoting 28 U.S.C. § 1367(c)(3)). In *Koke v. Stifel, Nicolaus & Co., Inc.*, 620 F.2d 1340, 1346 (8th Cir. 1980), the Eighth Circuit discussed some of the factors relevant to a decision whether to exercise supplemental jurisdiction. "Appropriate factors for consideration are the difficulty of the state claim, the amount of judicial time and energy already invested in it, the amount of additional time and energy necessary for its resolution, and the availability of a state forum." *Id. See Willman v. Heartland Hosp. East*, 34 F.3d 605, 613 (8th Cir. 1994), *cert. denied*, 514 U.S. 1018 (1995); *Harris v. Hancock County Mem'l Hosp.*, 938 F. Supp. 1419, 1434 (N.D. Iowa 1996). None of these factors favor the retention of supplemental jurisdiction. The federal claims have been dismissed early, at the pleading stage. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be

considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)(quoted in *Johnson*, 360 F.3d at 819).

Finally, regardless of how Ms. Browder may characterize them, the remaining state law claims against CBE and Mr. Ahrenholz coalesce into a claim they fraudulently obtained the small claims judgment(s) against her by falsifying evidence. That allegation implicates the integrity of a state court proceeding and any state law cause of action based on it is better decided in state court, a further compelling reason to decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(4).

The Complaint fails to state any federal cause of action against defendants CBE and Ahrenholz, there is no diversity jurisdiction or other claim over which the Court would have original jurisdiction over these defendants, the Court does not have supplemental jurisdiction over the state law claim or claims against defendants CBE and Ahrenholz, and even if it did, should not exercise supplemental jurisdiction. The motion to dismiss of CBE and Mr. Ahrenholz should for these reasons be granted, without prejudice to any state law claims.[6]

---

[6] Defendants CBE/Ahrenholz note that in her resistance [20], Ms. Browder makes reference to potential claims under Iowa Code chapters 507B and 513C. Chapter 507B has to do with insurance trade practices and has provisions prohibiting certain unfair methods of
(continued...)

10

B.   <u>Aetna</u>

Preliminarily, the conclusory allegation in the Complaint that Aetna violated Ms. Browder's federal constitutional rights fails to state a claim upon which relief can be granted for the same reasons discussed above concerning the same allegation against CBE and Ahrenholz. (*See supra* at 6).

Aetna argues that Ms. Browder's claim is barred by the doctrine of *res judicata* because it is the same claim for insurance benefits litigated in small claims court. As indicated previously, the Court treats Aetna's motion in this regard as one for summary judgment. Aetna is entitled to summary judgment if it demonstrates "'that there is no genuine issue as to any material fact and that [it is] entitled to a judgment as a matter of law.'" *Carrington v. City of Des Moines, Iowa*, 481 F.3d 1046, 1050 (8th Cir. 2007)(quoting Fed. R. Civ. P. 56(c)). The Court must view the facts in the light most favorable to the non-moving party. *Hervey v. County of Koochiching*, 527 F.3d 711, 719 (8th Cir. 2008). The facts

---

[6](...continued)
competition and unfair or deceptive practices. It has been held not to provide a private cause of action. *See Terra Indus., Inc. v. Commonwealth Ins. of America*, 990 F. Supp. 679, 684-85 (N.D. Iowa 1997)(citing *Seeman v. Liberty Mut. Ins. Co.*, 322 N.W.2d 35, 36 (Iowa 1982) and *Bates v. Allied Mut. Ins. Co.*, 467 N.W.2d 255, 256-57, 259 (Iowa 1991)). Chapter 513C, the Iowa Individual Health Insurance Market Reform Act, would seem even less likely to afford a private cause of action under the analysis employed by the Iowa Supreme Court in *Seeman*. Regardless, these insurance regulatory statutes would not be applicable to CBE or Ahrenholz, who are not in the insurance business.

relevant to Aetna's *res judicata* defense are to be found in the allegations of Ms. Browder's Complaint in this case, in her small claims court pleading, and in the small claims court decision and appellate affirmance which are attached to Aetna's motion. Ms. Browder has not disputed the authenticity of any of the state court documents in the motion papers pertaining to her state court lawsuit against Aetna. There are no genuine issues of material fact on the *res judicata* issue.

"The res judicata effect of the first forum's judgment is governed by [the] first forum's law." *St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp.*, 457 F.3d 766, 770 (8th Cir. 2006)(quoting *Austin v. Super Valu Stores, Inc.*, 31 F.3d 615, 618 (8th Cir. 1994), in turn quoting *Semler v. Psychiatric Inst. of Washington, D.C., Inc.*, 575 F.2d 922, 930 (D.C. Cir. 1978)). Accordingly, the Court looks to Iowa's law on the subject.

Aetna invokes *res judicata* in the sense of claim preclusion. *See B & B Asphalt Co. v. T. S. McShane Co.*, 242 N.W.2d 279, 285-86 (Iowa 1976). Iowa law on claim preclusion is "well established." *Spiker v. Spiker*, 708 N.W.2d 347, 353 (Iowa 2006). "Claim preclusion . . . prevents piecemeal litigation by requiring a party to try the entire claim . . . in the case at trial. . . . [A] party must litigate all matters growing out of the claim, and claim preclusion will apply 'not only to matters actually determined in an earlier action but to all relevant matters that

could have been determined.'" *Penn v. Iowa State Bd. of Regents*, 577 N.W.2d 393, 398 (Iowa 1998)(quoting *Shumaker v. Iowa Dept. of Transp.*, 541 N.W.2d 850, 852 (Iowa 1995)); *see B & B Asphalt Co., Inc.*, 242 N.W.2d at 286 ("An adjudication in a former suit between the same parties on the same claim is final as to all matters which could have been presented to the court for determination."). Putting these principles together, the party asserting claim preclusion must establish (1) "the parties in the first and second action were the same;" (2) the claim in the second suit was actually litigated or "could have been fully and fairly adjudicated in the prior case;" and (3) "there was a final judgment on the merits in the first action." *Spiker*, 708 N.W. 2d at 353 (quoting *Arnevik v. Univ. of Minn. Bd. of Regents,* 642 N.W.2d 315, 319 (Iowa 2002) and citing Restatement (Second) Judgments § 27, at 250 (1982)). "A second claim is likely to be barred by claim preclusion where the 'acts complained of, and the recovery demanded are the same or where the same evidence will support both actions.'" *Arnevik*, 642 N.W.2d at 319 (citation omitted); *see B&B Asphalt*, 242 N.W.2d at 287 (citing cases).

      In Iowa's unified court system, a small claim is decided by the "district court sitting in small claims." Iowa Code §§ 602.6101, 631.2(1). A small claim is a civil action for a money judgment of $5,000 or less. *Id.* § 631.1(1). The final adjudication of a claim in an Iowa small claims court can have claim (as opposed

13

to issue) preclusive effect. *Palmer v. Tandem Management Services, Inc.*, 505 N.W.2d 813, 816-17 (Iowa 1993); *Khan v. Heritage Prop. Mgmt.*, 584 N.W.2d 725, 727-28 (Iowa App. 1998). When the plaintiff chooses the small claims forum first it does not matter if in the second action plaintiff seeks more than the small claims jurisdictional amount. *Bagley v. Hughes A. Bagley, Inc.*, 465 N.W.2d 551, 554 (Iowa App. 1990).

Ms. Browder and Aetna were the litigants in the small claim. Her claims in both actions for all practical purposes are the same. The same transaction is involved. In this Court as in the small claim Ms. Browder alleges Aetna did not pay medical expenses covered under the group health insurance plan. Then as now she sues for what she says is owed under the plan. "[T]wo actions are the same for purposes of claim preclusion if the recovery demanded in the second claim is the same as that demanded in the first." *Arnevik*, 642 N.W.2d at 319 (citing *Shumaker*, 541 N.W.2d at 852).

In this Court Ms. Browder expressly refers to ERISA as a basis for her claim. That she did not cite ERISA in her small claims petition is not significant. Pleading in small claims court is not technical, but had she wanted to expressly state an ERISA claim Ms. Browder had a full and fair opportunity to do so in small claims court. State courts have concurrent jurisdiction over ERISA actions for benefits due. 29 U.S.C. § 1132(e)(1). *Wolfson v. Mutual Ben. Life Ins. Co.*, 51 F.3d 141, 146 (8th Cir. 1995)("State courts

have concurrent jurisdiction under ERISA. . . .State courts are accustomed to interpreting insurance policies and resolving coverage disputes, the substantive issues underlying most ERISA benefits claims.") The important thing is that Ms. Browder submitted the same claim for benefits under the plan to the small claims court which had, and exercised, jurisdiction over the claim.

Finally, the small claims court entered judgment against Ms. Browder on the merits. Her claim was dismissed for lack of evidence. (Def. Aetna Ex. B at 2).

Ms. Browder is barred by *res judicata*/claim preclusion from suing Aetna again for the same thing in this Court.[7]

### III.

### RECOMMENDATION AND ORDER

For the reasons set forth above, the undersigned respectfully RECOMMENDS that the motion to dismiss of defendants CBE and Ahrenholz [14] be **granted,** without prejudice to any state law claims, and that the motion to dismiss of defendant Aetna [25], treated as a motion for summary judgment on its defense of *res*

---

[7] Ms. Browder's Complaint in this Court purported to allege essentially the same state tort-based causes of action as in her small claims petition. Her resistance to Aetna's motion appears to seek amendment to the Complaint to eliminate all her claims except the ERISA claim. (Pl. Resistance [29] at 4). In any event, if not pre-empted by ERISA, Ms. Browder's other claims having been asserted in the small claims action, also are barred in this Court by principles of *res judicata/*claim preclusion.

15

*judicata*, be **granted.** The Clerk should be directed to enter judgment dismissing plaintiff's complaint.

IT IS ORDERED that the plaintiff have until **July 20, 2009** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of plaintiff's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

IT IS SO ORDERED.

Dated this 26th day of June, 2009.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE